ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA v. YOUNG.

(Circuit Court of Appeals, Eighth Circuit. March 2, 1914.)

No. 3986.

1. INSURANCE (§ 755*)—FRATERNAL INSURANCE—AUTHORITY OF LOCAL OFFICERS.

The secretary treasurer of a local council of a fraternal insurance order has no. authority to waive the constitution and by-laws of the order stipulating for payment to a beneficiary a specified sum on the death of a member in good standing, but that members shall be deemed in good standing so long only as they pay dues and assessments as they become due, and that any member failing to pay them at maturity shall, by virtue thereof, forfeit his good standing, and. a practice between the local officer and a member thereof for the payment of dues and assessments after maturity is not binding on the order unless authorized or ratified.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1907-1916; Dec. Dig. § 755.*]

2. APPEAL AND ERROR (§ 750*)—QUESTIONS REVIEWABLE—EXCEPTIONS.

Where, in an action against a fraternal insurance order, defended on the ground that the member was not in good standing at his death, the court over the objection of the order admitted evidence of a custom between an officer of a local council of the order and the member, for payment of dues and assessments after maturity, and defendant excepted before the jury retired to a charge that there had been testimony as to the custom, and that such testimony was withdrawn except as to the question of payment, on the ground that it failed to specify with sufficient particularity the evidence intended to be withdrawn, and the portion of the charge was assigned as error, the ruling on the evidence was reviewable, though not assigned as error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3074-3083; Dec. Dig. § 750.*]

3. APPEAL AND ERROR (§ 1053*)—REVIEW—ADMISSION OF EVIDENCE—CURING OF ERROR BY INSTRUCTIONS.

In an action against a fraternal insurance order, defended on the ground that the member was not at his death in good standing, because of his failure to pay dues and assessments at maturity, the error in admitting evidence of the custom, between the secretary of the local council and the member, permitting the payment of dues and assessments after maturity, was not cured by an instruction withdrawing the testimony as to custom, except as to the question of payment, since all the evidence as to custom related to the issue of payment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4178-4184; Dec. Dig. § 1053.*]

In Error to the District Court of the United States for the Southern District of Iowa; Smith McPherson, Judge.

Action by May Baker Young against the order of United Commercial Travelers of America. There was a. judgment for plaintiff, and defendant brings error. Reversed, and new trial granted.

Lowry F. Sater, of Columbus, Ohio (James J. Smith, of Ottumwa, Iowa, and Vorys, Sater, Seymour & Pease, of Columbus, Ohio, on the brief), for plaintiff in error.

R. L. Parrish, of Des Moines, Iowa (Gilmore & Moon, of Ottumwa, Iowa, and A. L. Hager, of Des Moines, Iowa, on the brief), for defendant in error.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before SANBORN and CARLAND, Circuit Judges, and RINER, District Judge.

CARLAND, Circuit Judge.    This action was brought by May Baker Young, as plaintiff, against the Order of United Commercial Travelers of America, as defendant, to recover as beneficiary the sum claimed to be due her upon the death of her husband, Lew H. Young, a member of the order.   Section 5 of article 6 of the constitution and by-laws of the defendant provides:

"If any member of the order (other than a social member) who has paid, when due, all fees, fines, costs, dues and assessments charged or levied against him, shall sustain, during the continuance of his membership, and while in good standing, bodily. injury effected through external, violent and accidental means, which alone and independent of all other causes shall occasion death immediately or within six months from the happening thereof, the Order of United Commercial Travelers of America, within ninety days of receipt of satisfactory proof of said accidental death, shall pay to the person or persons entitled thereto the sum of five thousand ($5,000.00) dollars, and shall also pay to the person or persons entitled thereto, as aforesaid, thirteen hundred ($1,300.00) dollars in weekly installments of twenty-five ($25.00) dollars each, the first of such weekly installments to be paid within ninety days from the receipt of such proof of death."

### Section 4 of article 4 of the constitution of defendant provides:

"All members of the order shall be considered in good standing so long only as they pay, when and as the same become due and payable, all fees, fines, costs, dues and assessments charged or levied against them, and support the principles of the order, and faithfully observe its constitution, by-laws, rules and edicts approved by the Supreme Executive Committee or the Supreme Council, as such constitution, by-laws, rules and edicts now exist, or as they may hereafter be added to, revised, altered or amended."

### Section 7 of article 4 provides:

"Any member who fails to pay the fees, fines, costs, dues or any assessment charged or levied against him, when and as same become due and payable, shall immediately on the happening of such default and by virtue thereof forfeit his good standing in the order, and he and every person or persons claiming under him and by virtue of his membership shall likewise, at the time such default occurs and by virtue thereof, forfeit all right to indemnity and benefits of whatsoever character; while he thus continues in bad standing, the sending to him of notice of any assessment or the making of demand on him for any fees, fines, costs, dues or assessments shall not constitute or be a waiver of such forfeiture."

### As a defense the defendant pleaded as follows:

"The defendant further alleges that the said Lew H. Young, at the time of his death, had failed to pay assessment No. 105, which became due and payable on the 24th day of April, 1911, and that by reason of said default, and by virtue thereof, he forfeited his good standing in the defendant order, and continued to be in .default up to and including the 10th day of May, A. D. 1911, the date of his death, and that by reason of his negligence, refusal, and failure to pay said assessment on or before the 24th day of April, 1911, and within the time as provided for by the provisions of the constitution and by-laws of the defendant order, the said Lew H. Young forfeited any and all rights to indemnity, or death benefits, to which he, the plaintiff, or any other person or persons, might claim under and by reason of his membership in said defendant order."

On the trial of the action the defendant called as a witness, C. C. Porter, secretary treasurer of Ottumwa Council No. 169, who testified

on direct examination that Lew H. Young, at the time of his death on May 10, 1911, had not paid assessment No. 105, due April 24, 1911, nor his quarterly dues which were due and payable April 1, 1911. On cross-examination counsel for the plaintiff, for the purpose of showing that there was a practice or custom prevailing with reference to the payment of dues and assessments by some members of Ottumwa Council No. 169, among whom was Lew H. Young, which permitted those members to pay their dues or assessments at any time prior to the date that the secretary treasurer was obliged to report the same to the Supreme Council, propounded the following questions to the witness:

"Q. Didn't you frequently, when he failed to pay his dues, didn't you pay them yourself?

"Mr. Sater: I object to that as incompetent, irrelevant, and immaterial.

"The Court: He may answer.

"A. Occasionally.  Q. Occasionally paid them yourself?  A. Yes, sir.  Q. Didn't you have an understanding with Mr. Young that he would not be obliged to pay his dues until the time you had to pay them to the company?  A. No, sir.  Q. Do you remember conversation I had with you, Mr. Moon and I had with you?  Along last summer in this city?  A. Perhaps. Q. Didn't you at that time say to me and Mr. Moon that there were 15 or 20 of these members that you were carrying along in this way?  A. Perhaps.  Q. Didn't you say you were interested in carrying them along?  A. Perhaps.  Q. Didn't you say to us that time that if Lew Young had been living when you sent in your money you would have sent in the money and reported him in good standing?

"Mr. Sater: We object to that as not binding upon the company.  (No ruling).

"A. Perhaps.  Q. Isn't it true.  A. It may be true.  If you and Judge Moon would say that I said so, then I would confirm that I said so.  Q. Isn't it true that you paid these dues whether you paid them in or not?

"Mr. Sater: I would like to make one general objection here, your honor, as incompetent and immaterial, and anything done by this witness was not binding upon the defendant.

"The Court: Objection overruled and defendant excepts.

"Q. You are acquainted with Mrs. Young?  A. Yes, sir.  Q. She frequently called you upon the phone regarding Mr. Young's dues?  A. Never, to my knowledge.  Q. When Mr. Young's dues would become due and they were not paid, would she not call you up on the phone, and you said, 'That is all right until I have to send off the money?'  A. Never, to my best knowledge and belief."

[1] It was clearly error to permit the witness to be interrogated as to the custom and practice existing in regard to the collection of dues from Lew H. Young, as Porter had no authority whatever to waive the provisions of the constitution and by-laws of the order, and it was not claimed or shown that the order had ever authorized or ratified any such practice.  Northern Assurance Co. v. Grandview Bldg. Assoc., 183 U. S. 308, 22 Sup. Ct. 133, 46 L. Ed. 213; Modern Woodmen of America v. Tevis, 117 Fed. 369, 54 C. C. A. 293; Supreme Council of Royal Arcanum v. Taylor, 121 Fed. 66, 57 C. C. A. 406; Scottish Union & Nat. Ins. Co. v. Encampment Smelting Co., 166 Fed. 231, 92 C. C. A. 139; New York Life Ins. Co. v. Slocum, 177 Fed. 842, 101 C. C. A. 56; Locomotive Engineers' Mut. Life & Acc. Ins. Assoc. v. Thomas, 206 Fed. 409, 124 C. C. A. 291; Slocum v. New York Life Ins. Co., 228 U. S. 374, 33 Sup. Ct. 523, 57 L. Ed. 879.

The ruling of the court in overruling the objection of counsel, however, is not assigned as error. This omission undoubtedly was caused by the fact that when the court came to charge the jury, it used the following language:

"There has been a good deal of testimony in this case with reference to the habit or custom at Ottumwa between Mr. Young and the witness Porter who was secretary of the local organization. That testimony is withdrawn from your consideration except as to one phase; as to the question of payment."

[2, 3] Laying aside the question as to whether the court could have cured the error committed in the admission of evidence as to a custom and practice between the witness and Lew H. Young, by merely saying to the jury that it was withdrawn, we think that the language of the court wholly failed to accomplish the purpose that the court had in view. The court withdrew from the consideration of the jury the testimony with reference to the habit or custom at Ottumwa between Mr. Young and the witness Porter, except on the question of payment. All of the evidence as to the habit or custom between Lew H. Young and the witness Porter was on the question of payment. So far as the jury were concerned nothing was withdrawn, and the jury may have found that by the custom and practice existing between the witness and Lew H. Young, the payment of assessment and dues at the time they were required to be paid by the constitution and by-laws of the order, was not necessary. Counsel for the defendant, before the retirement of the jury, excepted to the language above set forth, on the ground that it failed to specify with sufficient particularity the evidence intended to be withdrawn, and this portion of the charge of the court is assigned as error. So we think that the court's attention, both at the time the evidence was admitted and at the time the charge was given to the jury, was sharply called to the contention of counsel for the defendant in regard to this character of evidence. We, therefore, are of the opinion that the error committed by the court in the admission of evidence as to the custom existing between Lew H. Young and Secretary Porter was not cured by what the court said to the jury, and that in the case at bar the error was very prejudicial for the reason that the record presents a very serious question as to whether the assessment due April 24, 1911, or the quarterly dues which became due and payable April 1, 1911, were ever paid; and the evidence in regard to the custom might have been all that saved the case for the plaintiff. We do not, however, express any opinion as to whether the evidence as to payment did or did not require the case to be submitted to the jury. There was nothing stated by the court to the jury upon the question of waiver, for the reason, undoubtedly, that the trial court thought the evidence on that question was withdrawn. So the jury was not instructed upon the subject of waiver, and under the charge of the court the jury might well consider all the evidence that was admitted upon the question of payment.

For the error in admitting the evidence as to the custom and practice in regard to the payment of dues and assessments existing be-

tween Secretary Porter and Lew H. Young, the judgment below must be reversed and the case remanded, with instructions to grant a new trial; and it is so ordered.